WHITNEY A. DAVIS, SBN 149523
**CHARTER DAVIS, LLP**
Attorneys at Law
1730 I Street, Suite 240
Sacramento, California 95814
P.O. Box 15408
Sacramento, CA 95851
(916) 448-9000
FAX (916) 448-9009

Attorneys for Defendant Viad Corp.

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL HALSETH, ROBERT WAGENMAN, LARRY ROBINSON, DONALD HUNTER, <br><br>  Plaintiffs, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY, VIAD CORP., and DOES 1-300, <br><br>  Defendants. | Case No. C 07 72543 EMC <br><br> **VIAD CORP'S ANSWER TO COMPLAINT FOR ASBESTOS PERSONAL INJURY/PRODUCTS LIABILITY** |

In accordance with the Federal Rules of Civil Procedure, defendant Viad Corp, (hereinafter "VIAD") hereby answers the complaint filed by plaintiff Donald Hunter as follows:

**ANSWER TO COMPLAINT**

1. Responding to paragraphs number one through six of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

2. In responding to paragraph number seven of the complaint, defendant VIAD admits it is a Delaware corporation and that diversity jurisdiction is appropriate. Defendant VIAD, lacks sufficient information to admit or deny the citizenship of plaintiff Donald Hunter,

Charter Davis LLP
Attorneys at Law
1730 I Street, #240
Sacramento, CA 95814
phone (916) 448-9000

1

H:\Home\CLIENT\6691\00061\BVC0435.WPD                                    ANSWER TO COMPLAINT

and General Electric Company.

3. Responding to paragraph number eight of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

4. Responding to paragraphs nine through twenty-three of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

5. Responding to paragraphs twenty-four through thirty-five of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state facts sufficient to constitute any cause of action against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations, including, but not limited to, California Code of Civil Procedure §§338.1; 340.2, and 343.

### THIRD AFFIRMATIVE DEFENSE

The complaint does not state facts sufficient to justify an award of punitive damages. The imposition of punitive damages as sought by plaintiff would violate the rights of the defendant under the Constitution of the United States and other potentially applicable State Constitutions, and at common law, in that:

a) An award of punitive damages would violate the rights of the defendant to due process and equal protection of the laws, as guaranteed by the United States Constitution and its Fourteenth Amendment, and similar protection afforded by other potentially applicable State Constitutions.

b) Applicable State law provides no Constitutionally adequate or meaningful

Charter Davis LLP
Attorneys at Law
1730 I Street, #240
Sacramento, CA 95814
phone (916) 448-9000

standards to guide a jury in imposing a punitive award, or to give the public, including the defendants, a reasonable and Constitutionally required notice of the manner of conduct which may submit it to such a sanction. As scienter is an indispensable element of a charge of such conduct, the defendant should not be subjected to the risk of punishment for an alleged offense as to which scienter is impossible as there are no ascertainable standards to apply other than the whim of a jury.

    c)    Applicable State law leaves the determination of the fact and amount of punitive damages to the arbitrary discretion of the trier of fact, without providing adequate or meaningful limits to the exercise of that discretion. This constitutes a taking without due process of law.

    d)    No provision of the applicable State law provides adequate procedural safeguards consistent with the criteria set forth in <u>Mathews v. Eldridge</u>, 424 US 319 (1976) for the imposition of a punitive award.

    e)    The right of the defendants to due process of law would be violated were plaintiff to be permitted to pursue recovery against the defendant based upon strict liability claims which focus on the condition of the product while simultaneously pursuing claims for punitive damages that focus on the conduct of the defendant, since exculpatory evidence of reasonable conduct may otherwise be inadmissible in a strict liability case.

    f)    The concept of punitive damages whereby an award is made to a private plaintiff, not as compensation, but as a windfall incident to the punishment of a defendant, represents a taking of property without due process of law.

    g)    Punitive damages are quasi-criminal in nature, application of the discovery provisions of the Code of Civil Procedure would be inappropriate as those rules are not intended to apply to a criminal proceeding. The defendants, therefore, request that the court limit any discovery requests which relate in any way to plaintiff's requests for punitive damages to that type of discovery which is permitted to be taken from a criminal defendant pursuant to the applicable Code of Civil Procedure.

FOURTH AFFIRMATIVE DEFENSE

This answering defendant alleges that the complaint does not state facts sufficient to

Charter Davis LLP
Attorneys at Law
1730 I Street, #240
Sacramento, CA 95814
phone (916) 448-9000

justify "market share" liability as to the defendant.

FIFTH AFFIRMATIVE DEFENSE

Any injuries or damages alleged in this action proximately resulted from the negligence and careless conduct of employers of the person injured. The recovery of damages herein, if any, is barred or diminished to the extent worker's compensation benefits have been or will be paid to such employee or heirs by any employer.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Estoppel.

SEVENTH AFFIRMATIVE DEFENSE

At all times denying the allegations of plaintiff's complaint, defendant is informed and believe, and based upon said information and belief alleges, that plaintiff voluntarily and knowingly assumed the alleged risks and alleged hazards incident to the alleged operations, acts and conduct at the times and places alleged in the complaint, and that plaintiff's acts proximately caused and contributed to the alleged injuries and damages, if any such injuries or damages there were, or are.

EIGHTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff, if any, were caused solely by the negligence or other legal fault of persons, including plaintiff, other than this answering defendant. If defendant is in any way negligent or otherwise legally responsible, any damages to which plaintiff would otherwise be entitled should be reduced in proportion to the amount of negligence or legal fault attributable to plaintiff and other persons in causing plaintiff's injuries.

NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his alleged damages, if any there were.

TENTH AFFIRMATIVE DEFENSE

This answering defendant received no notice of any dangerous, hazardous or defective condition or any breach of warranty, either express or implied.

ELEVENTH AFFIRMATIVE DEFENSE

Defendant did not store, maintain, conceal, expose, manufacture, supply or distribute the

Charter Davis LLP
Attorneys at Law
1730 I Street, #240
Sacramento, CA 95814
phone (916) 448-9000

4

H:\Home\CLIENT\6691\00061\BVC0435.WPD                                               ANSWER TO COMPLAINT

products which plaintiff alleges caused the injuries set forth in the complaint.

TWELFTH AFFIRMATIVE DEFENSE

If the products alleged in the complaint are found to have caused plaintiff's injury, which injury defendant expressly denies, such products were stored, maintained, exposed, manufactured, supplied and/or distributed in a manner consistent with the state of the art applicable at the time.

THIRTEENTH AFFIRMATIVE DEFENSE

At all times relevant to the alleged conditions, conduct or injuries, plaintiff had or should have had notice and knowledge of the risks and dangers, if any, associated with such conditions, conduct and injuries as any such risk or danger was open, obvious and apparent to plaintiff, and that he appreciated the danger or risk, and voluntarily assumed any such danger or risk.

FOURTEENTH AFFIRMATIVE DEFENSE

Defendant had no duty to know about, protect against or warn of any alleged risk of harm from exposure to asbestos under the state of scientific and medical knowledge at the applicable time.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Laches.

SIXTEENTH AFFIRMATIVE DEFENSE

The applicable punitive damages statutes are unconstitutional because they violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred by the Due Process Clause of Article 1, Section 7 and the Excessive Fines Clause of Article 1, Section 17 of the Constitution of the State of California.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Waiver.

NINETEENTH AFFIRMATIVE DEFENSE

Defendant is protected from the allegations brought in plaintiff's complaint by virtue of

Charter Davis LLP
Attorneys at Law
1730 I Street, #240
Sacramento, CA 95814
phone (916) 448-9000

5

H:\Home\CLIENT\6691\00061\BVC0435.WPD        ANSWER TO COMPLAINT

the Worker's Compensation Exclusive Remedy Doctrine of California Labor Code section 3600, et seq.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the plaintiff's implied assumption of the risks and dangers, if any, associated with the alleged conditions, conduct or injuries set forth in plaintiff's complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The actions of this answering defendant were in conformity with the state of the medical, industrial and scientific arts, such that there was no duty to warn decedent and/or plaintiff under the circumstances, or to such an extent such a duty arose, defendant provided adequate warnings, labels and/or instructions concerning the conditions or products in question. If those warnings, labels and/or instructions were not heeded, it is the fault of others and not of this answering defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

This answering defendant made no representations to plaintiff. To the extent that the alleged representations were made, they were made by persons and/or parties other than this answering defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that any of the alleged representations were made to plaintiff, they were not made with the intent to defraud or deceive plaintiff or to induce him to engage in any alleged conduct.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff did not rely on any other representations made by this answering defendant. To the extent that the plaintiff did rely on any alleged representations, such reliance was unjustified.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

This answering defendant concealed no material facts nor made no affirmative misrepresentation of fact to plaintiff. To the extent that any fact or facts were concealed from plaintiff, such concealment was not made with the intent to defraud, deceive, or mislead plaintiff

Charter Davis LLP
Attorneys at Law
1730 I Street, #240
Sacramento, CA 95814
phone (916) 448-9000

6

H:\Home\CLIENT\6691\00061\BVC0435.WPD          ANSWER TO COMPLAINT

to induce any of them to engage in any alleged conduct.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

This answering defendant denies that it is liable for any acts, conduct, or omissions of any alleged predecessor entity.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's injuries and damages, if any, resulted from the failure of plaintiff to use the safety equipment and/or safety precautions which were provided, warned of, or made available to him.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off from any and all sums recovered by or on behalf of the plaintiff by way of any settlement, judgment, or otherwise which were or entered into or received by plaintiff from any party or non-party to this action.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Release.

### THIRTIETH AFFIRMATIVE DEFENSE

This answering defendant had no "actual knowledge" of the existence of a dangerous condition on the premises in question; that plaintiff had contracted an asbestos-related disease; that plaintiff was exposed to asbestos; or that friable asbestos existed on the premises.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by federal law.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

This answering defendant produced the alleged asbestos-containing product(s) pursuant to federal government contract(s) and federal government design(s) and is therefore immune from liability.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to join necessary parties to this action.

### OTHER DEFENSES

This answering defendant reserves the right to allege other affirmative defenses as they

Charter Davis LLP
Attorneys at Law
1730 I Street, #240
Sacramento, CA 95814
phone (916) 448-9000

may become known during the course of discovery, and hereby specifically reserves its rights to amend its answer to allege said affirmative defenses at such time as they become known.

WHEREFORE, this answering defendant prays as follows:

(a)   That plaintiff take nothing by his complaint;

(b)   Costs of suit incurred herein;

(c)   Reasonable attorney's fees; and

(d)   For such other and further relief as the Court may deem just and proper.

Dated:  June 8, 2007         **CHARTER DAVIS, LLP**

By:   /s/ *Whitney A. Davis*
WHITNEY A. DAVIS
Attorney for Defendant
VIAD CORP

Charter Davis LLP
Attorneys at Law
1730 I Street, #240
Sacramento, CA 95814
phone (916) 448-9000

8

H:\Home\CLIENT\6691\00061\BVC0435.WPD                                        ANSWER TO COMPLAINT