1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   CHARLES T. SHELDON  (Bar No. 155598)
2  DEREK S. JOHNSON  (Bar No. 220988)
   One Market Plaza
3  Steuart Tower, 8th Floor
   San Francisco, California 94105
4  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
5
   Attorneys for Defendant
6  GENERAL ELECTRIC COMPANY

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  MICHAEL HALSETH, ROBERT                CASE NO. C 07-2543 EMC
    WAGENMAN, LARY ROBINSON,
12  DONALD HUNTER,                         **GENERAL ELECTRIC COMPANY'S
                                           ANSWER TO COMPLAINT FOR
13            Plaintiffs,                   ASBESTOS PERSONAL
                                           INJURY/PRODUCTS LIABILITY;
14        v.                               DEMAND FOR JURY TRIAL;
                                           CERTIFICATION OF INTERESTED
15  GENERAL ELECTRIC COMPANY, et           ENTITIES**
    al.,
16
              Defendants.
17

18

19        Defendant GENERAL ELECTRIC COMPANY ("GE") hereby answers for itself alone

20  and no others the Complaint filed on April 28, 2006, as to plaintiffs Michael Halseth, Robert

21  Wagenman, Larry Robinson, and Donald Hunter (collectively, "Plaintiffs") as follows:

22        1.    To the extent that paragraph 1 of the complaint consists of allegations of fact as to

23  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

24  allegations of paragraph 1, and on such basis the allegations are denied.

25        2.    To the extent that paragraph 2 of the complaint consists of allegations of fact as to

26  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

27  allegations of paragraph 2, and on such basis the allegations are denied.  To the extent that

28  paragraph 2 of the complaint consists of allegations of fact as to other defendants, GE  lacks

**SEDGWICK**
SEDGWICK
Detert Moran & Arnold, LLP

SF/1409632v1

GE's ANSWER TO COMPLAINT          CASE NO. C 07-2543 EMC

1    sufficient knowledge or information to form a belief as to the truth of the allegations of

2    paragraph 2, and on such basis the allegations are denied. To the extent that paragraph 2 of the

3    complaint consists of allegations of fact as to GE, GE denies such allegations.

4        3.    To the extent that paragraph 3 of the complaint consists of allegations of fact as to

5    Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

6    allegations of paragraph 3, and on such basis the allegations are denied. To the extent that

7    paragraph 3 of the complaint consists of allegations of fact as to other defendants, GE lacks

8    sufficient knowledge or information to form a belief as to the truth of the allegations of

9    paragraph 3, and on such basis the allegations are denied. To the extent that paragraph 3 of the

10   complaint consists of allegations of fact as to GE, GE denies such allegations.

11       4.    To the extent that paragraph 4 of the complaint consists of allegations of fact as to

12   Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

13   allegations of paragraph 4, and on such basis the allegations are denied. To the extent that

14   paragraph 4 of the complaint consists of allegations of fact as to other defendants, GE lacks

15   sufficient knowledge or information to form a belief as to the truth of the allegations of

16   paragraph 4, and on such basis the allegations are denied. To the extent that paragraph 4 of the

17   complaint consists of allegations of fact as to GE, GE denies such allegations. GE denies the

18   allegation that each plaintiff claims damages for an asbestos-related disease arising from an

19   identical series of occurrences. GE denies the allegation that each and every allegation of each

20   plaintiff regarding the nature of their asbestos-related diseases, the nature of asbestos, the

21   propensity of asbestos to cause disease, the criteria for diagnosis of disease are all identical.

22       5.    To the extent that paragraph 6 of the complaint consists of allegations of fact as to

23   Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

24   allegations of paragraph 5, and on such basis the allegations are denied. To the extent that

25   paragraph 6 of the complaint consists of allegations of fact as to other defendants, GE lacks

26   sufficient knowledge or information to form a belief as to the truth of the allegations of

27   paragraph 6, and on such basis the allegations are denied.

28       6.    To the extent that paragraph 6 of the complaint consists of conclusions of law, GE

**SEDGWICK**
**SEDGWICK**
Delert Moran & Arnold, LLP

SF/1409632v1

GE's ANSWER TO COMPLAINT    CASE NO. C 07-2543 EMC

1    is not required to respond to it. To the extent that paragraph 6 of the complaint consists of

2    allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

3    belief as to the truth of the allegations of paragraph 6, and on such basis the allegations are

4    denied.

5        7.    To the extent that paragraph 7 of the complaint consists of allegations of fact as to

6    Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

7    allegations of paragraph 7, and on such basis the allegations are denied. To the extent that

8    paragraph 7 of the complaint consists of allegations of fact as to other defendants, GE lacks

9    sufficient knowledge or information to form a belief as to the truth of the allegations of

10    paragraph 7, and on such basis the allegations are denied. GE denies that it is a corporation

11    incorporated under the laws of Connecticut. GE admits that its principal place of business is in

12    Connecticut. GE lacks sufficient knowledge or information to form a belief as to the truth of the

13    allegation that this court has original jurisdiction under 25 USC § 1332, and on such basis the

14    allegation is denied.

15        8.    To the extent that paragraph 8 of the complaint consists of conclusions of law, GE

16    is not required to respond to it. To the extent that paragraph 8 of the complaint consists of

17    allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

18    belief as to the truth of the allegations of paragraph 8, and on such basis the allegations are

19    denied. To the extent that paragraph 8 of the complaint consists of allegations of fact as to

20    Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

21    allegations of paragraph 8, and on such basis the allegations are denied. GE lacks sufficient

22    knowledge or information to form a belief as to the truth of Plaintiffs' allegation that the

23    Northern District of California is the proper venue for this case, and on such basis the allegation

24    is denied.

25        9.    To the extent that paragraph 9 of the complaint consists of conclusions of law, GE

26    is not required to respond to it. To the extent that paragraph 9 of the complaint consists of

27    allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

28    a belief as to the truth of the allegations of paragraph 9, and on such basis the allegations are

SEDGWICK
DETERT MORAN & ARNOLD LLP

1    denied. To the extent that paragraph 9 of the complaint consists of allegations of fact as to

2    Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

3    allegations of paragraph 9, and on such basis the allegations are denied. To the extent that

4    paragraph 10 of the complaint consists of allegations of fact as to GE, GE lacks sufficient

5    knowledge or information to form a belief as to the truth of the allegations of paragraph 9, and on

6    such basis the allegations are denied.

7         10.    To the extent that paragraph 10 of the complaint consists of allegations of fact as

8    to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

9    of the allegations of paragraph 10, and on such basis the allegations are denied. GE admits that,

10   in the past, it manufactured, distributed, supplied and sold certain products which contained

11   some quantity of asbestos and/or had component parts which may have contained some quantity

12   of asbestos, during a time period which may or may not be relevant to this case. Except to the

13   extent admitted, GE denies all other allegations of fact as to GE in paragraph 10 of the

14   complaint.

15        11.    To the extent that paragraph 11 of the complaint consists of conclusions of law,

16   GE is not required to respond to it. To the extent that paragraph 11 of the complaint consists of

17   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

18   a belief as to the truth of the allegations of paragraph 11, and on such basis the allegations are

19   denied. To the extent that paragraph 11 of the complaint consists of allegations of fact as to

20   Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

21   allegations of paragraph 11, and on such basis the allegations are denied. To the extent that

22   paragraph 11 of the complaint consists of allegations of fact as to GE, GE denies such

23   allegations.

24        12.    To the extent that paragraph 12 of the complaint consists of conclusions of law,

25   GE is not required to respond to it. To the extent that paragraph 12 of the complaint consists of

26   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

27   a belief as to the truth of the allegations of paragraph 12, and on such basis the allegations are

28   / / /


SEDGWICK
SEDGWICK
Detert Moran & Arnold, LLP

-4-

1  denied. To the extent that paragraph 12 of the complaint consists of allegations of fact as to GE,

2  GE denies such allegations.

3         13.    To the extent that paragraph 13 of the complaint consists of allegations of fact as

4  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

5  of the allegations of paragraph 13, and on such basis the allegations are denied. To the extent

6  that paragraph 13 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks

7  sufficient knowledge or information to form a belief as to the truth of the allegations of

8  paragraph 13, and on such basis the allegations are denied. To the extent that paragraph 13 of the

9  complaint consists of allegations of fact as to GE, GE denies such allegations.

10        14.    To the extent that paragraph 14 of the complaint consists of conclusions of law,

11  GE is not required to respond to it. To the extent that paragraph 14 of the complaint consists of

12  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

13  a belief as to the truth of the allegations of paragraph 14, and on such basis the allegations are

14  denied. To the extent that paragraph 14 of the complaint consists of allegations of fact as to

15  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

16  allegations of paragraph 14, and on such basis the allegations are denied. To the extent that

17  paragraph 14 of the complaint consists of allegations of fact as to GE, GE denies such

18  allegations.

19        15.    To the extent that paragraph 15 of the complaint consists of allegations of fact as

20  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

21  of the allegations of paragraph 15, and on such basis the allegations are denied. To the extent

22  that paragraph 16 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks

23  sufficient knowledge or information to form a belief as to the truth of the allegations of

24  paragraph 15, and on such basis the allegations are denied. To the extent that paragraph 15 of the

25  complaint consists of allegations of fact as to GE, GE denies such allegations.

26        16.    GE admits that, over time, inhalation or ingestion of asbestos fibers can

27  cause lung disease and cancer. Except to the extent admitted, GE denies all allegations of

28  paragraph 17.

**SEDGWICK**
**SEDGWICK**
Detert Moran & Arnold, LLP

1    17.    To the extent that paragraph 17 of the complaint consists of allegations of fact as

2    to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

3    allegations of paragraph 17, and on such basis the allegations are denied.

4    18.    To the extent that paragraph 18 of the complaint consists of conclusions of law,

5    GE is not required to respond to it. To the extent that paragraph 18 of the complaint consists of

6    allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

7    a belief as to the truth of the allegations of paragraph 18, and on such basis the allegations are

8    denied. To the extent that paragraph 18 of the complaint consists of allegations of fact as to

9    Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

10   allegations of paragraph 18, and on such basis the allegations are denied. To the extent that

11   paragraph 18 of the complaint consists of allegations of fact as to GE, GE denies such

12   allegations.

13   19.    To the extent that paragraph 19 of the complaint consists of conclusions of law,

14   GE is not required to respond to it. To the extent that paragraph 19 of the complaint consists of

15   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

16   a belief as to the truth of the allegations of paragraph 19, and on such basis the allegations are

17   denied. To the extent that paragraph 19 of the complaint consists of allegations of fact as to

18   Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

19   allegations of paragraph 19, and on such basis the allegations are denied. To the extent that

20   paragraph 19 of the complaint consists of allegations of fact as to GE, GE denies such

21   allegations.

22   20.    To the extent that paragraph 20 of the complaint consists of conclusions of law,

23   GE is not required to respond to it. To the extent that paragraph 20 of the complaint consists of

24   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

25   a belief as to the truth of the allegations of paragraph 20, and on such basis the allegations are

26   denied. To the extent that paragraph 20 of the complaint consists of allegations of fact as to

27   Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

28   allegations of paragraph 20, and on such basis the allegations are denied. To the extent that

1  paragraph 20 of the complaint consists of allegations of fact as to GE, GE denies such

2  allegations.

3       21.    To the extent that paragraph 21 of the complaint consists of conclusions of law,

4  GE is not required to respond to it.  To the extent that paragraph 21 of the complaint consists of

5  allegations of fact as to other defendants, GE  lacks sufficient knowledge or information to form

6  a belief as to the truth of the allegations of paragraph 21, and on such basis the allegations are

7  denied.  To the extent that paragraph 21 of the complaint consists of allegations of fact as to GE,

8  GE denies such allegations.

9       22.    To the extent that paragraph 22 of the complaint consists of conclusions of law,

10  GE is not required to respond to it.  To the extent that paragraph 22 of the complaint consists of

11  allegations of fact as to other defendants, GE  lacks sufficient knowledge or information to form

12  a belief as to the truth of the allegations of paragraph 22, and on such basis the allegations are

13  denied.  To the extent that paragraph 22 of the complaint consists of allegations of fact as to GE,

14  GE denies such allegations.

15       23.    To the extent that paragraph 23 of the complaint consists of conclusions of law,

16  GE is not required to respond to it.  To the extent that paragraph 23 of the complaint consists of

17  allegations of fact as to other defendants, GE  lacks sufficient knowledge or information to form

18  a belief as to the truth of the allegations of paragraph 23, and on such basis the allegations are

19  denied.  To the extent that paragraph 23 of the complaint consists of allegations of fact as to GE,

20  GE denies such allegations.

21       24.    GE incorporates by reference as though fully set forth herein paragraphs 1 through

22  23 of this Answer.

23       25.    To the extent that paragraph 25 of the complaint consists of allegations of fact as

24  to other defendants, GE  lacks sufficient knowledge or information to form a belief as to the truth

25  of the allegations of paragraph 25, and on such basis the allegations are denied.  To the extent

26  that paragraph 25 of the complaint consists of allegations of fact as to GE, GE denies such

27  allegations.

28       26.    To the extent that paragraph 26 of the complaint consists of conclusions of law,

1  GE is not required to respond to it. To the extent that paragraph 26 of the complaint consists of

2  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

3  a belief as to the truth of the allegations of paragraph 26, and on such basis the allegations are

4  denied. To the extent that paragraph 26 of the complaint consists of allegations of fact as to

5  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

6  allegations of paragraph 26, and on such basis the allegations are denied. To the extent that

7  paragraph 26 of the complaint consists of allegations of fact as to GE, GE denies such

8  allegations.

9      27.    To the extent that paragraph 27 of the complaint consists of allegations of fact as

10  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

11  of the allegations of paragraph 27, and on such basis the allegations are denied. To the extent

12  that paragraph 27 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks

13  sufficient knowledge or information to form a belief as to the truth of the allegations of

14  paragraph 27, and on such basis the allegations are denied. To the extent that paragraph 27 of the

15  complaint consists of allegations of fact as to GE, GE denies such allegations. GE lacks

16  sufficient knowledge or information to respond to the allegation that exposed persons did not

17  know of the substantial danger of using said products and, on that basis, denies it.

18      28.    To the extent that paragraph 28 of the complaint consists of allegations of fact as

19  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

20  of the allegations of paragraph 28, and on such basis the allegations are denied. To the extent

21  that paragraph 28 of the complaint consists of allegations of fact as to GE, GE denies such

22  allegations.

23      29.    To the extent that paragraph 29 of the complaint consists of allegations of fact as

24  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

25  of the allegations of paragraph 29, and on such basis the allegations are denied. To the extent

26  that paragraph 29 of the complaint consists of allegations of fact as to GE, GE denies such

27  allegations.

28      30.    To the extent that paragraph 30 of the complaint consists of allegations of fact as

**SEDGWICK**
**SEDGWICK**
Detert Moran & Arnold, LLP

SF/1409632v1

-8-

1   to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

2   of the allegations of paragraph 30, and on such basis the allegations are denied.  To the extent

3   that paragraph 30 of the complaint consists of allegations of fact as to GE, GE denies such

4   allegations.

5        31.    To the extent that paragraph 31 of the complaint consists of allegations of fact as

6   to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

7   of the allegations of paragraph 31, and on such basis the allegations are denied.  To the extent

8   that paragraph 31 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks

9   sufficient knowledge or information to form a belief as to the truth of the allegations of

10  paragraph 31, and on such basis the allegations are denied.  To the extent that paragraph 31 of the

11  complaint consists of allegations of fact as to GE, GE denies such allegations.

12       32.    To the extent that paragraph 32 of the complaint consists of conclusions of law,

13  GE is not required to respond to it.  To the extent that paragraph 32 of the complaint consists of

14  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

15  a belief as to the truth of the allegations of paragraph 32, and on such basis the allegations are

16  denied.  To the extent that paragraph 32 of the complaint consists of allegations of fact as to GE,

17  GE denies such allegations.

18       33.    To the extent that paragraph 33 of the complaint consists of allegations of fact as

19  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

20  of the allegations of paragraph 33, and on such basis the allegations are denied.  To the extent

21  that paragraph 33 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks

22  sufficient knowledge or information to form a belief as to the truth of the allegations of

23  paragraph 33, and on such basis the allegations are denied.  To the extent that paragraph 33 of the

24  complaint consists of allegations of fact as to GE, GE denies such allegations.

25       34.    To the extent that paragraph 34 of the complaint consists of allegations of fact as

26  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

27  of the allegations of paragraph 34, and on such basis the allegations are denied.  To the extent

28  that paragraph 34 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks

**SEDGWICK**
**SEDGWICK**
Detert Moran & Arnold, LLP

1  sufficient knowledge or information to form a belief as to the truth of the allegations of

2  paragraph 34, and on such basis the allegations are denied. To the extent that paragraph 34 of the

3  complaint consists of allegations of fact as to GE, GE denies such allegations.

4      35.    To the extent that paragraph 35 of the complaint consists of allegations of fact as

5  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

6  of the allegations of paragraph 35, and on such basis the allegations are denied. To the extent

7  that paragraph 35 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks

8  sufficient knowledge or information to form a belief as to the truth of the allegations of

9  paragraph 35, and on such basis the allegations are denied. To the extent that paragraph 35 of the

10  complaint consists of allegations of fact as to GE, GE denies such allegations.

11                              **PRAYER**

12      GE further denies that Plaintiffs are entitled to any damages to the extent Plaintiffs seek

13  damages from GE and denies that Plaintiffs are entitled to any relief from GE to the extent

14  Plaintiffs seek any relief from GE; further answering, GE lacks information or knowledge

15  sufficient to respond to each and every allegation in Plaintiffs' prayer for judgment and, on that

16  basis, denies them.

17            **SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSES**

18      36.    By alleging the Separate and Additional Affirmative Defenses set forth below, GE

19  is not in any way agreeing or conceding that it has the burden of proof or burden of persuasion on

20  any of these issues.

21                    **FIRST AFFIRMATIVE DEFENSE**

22      37.    GE alleges that said complaint and each cause of action therein fails to state facts

23  sufficient to constitute a cause of action against Defendant.

24                    **SECOND AFFIRMATIVE DEFENSE**

25      38.    GE alleges that the causes of action, if any, attempted to be stated and set forth in

26  said complaint are barred by the applicable statutes of limitations, including, but not limited to,

27  the provisions of Code of Civil Procedure Sections 335.1, 338, 340.2. and 340(3).

28

SEDGWICK
SEDGWICK
Detert Moran & Arnold, LLP
SF/1409632v1

GE's ANSWER TO COMPLAINT          CASE NO. C 07-2543 EMC

**THIRD AFFIRMATIVE DEFENSE**

39.    GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint are barred by laches.

**FOURTH AFFIRMATIVE DEFENSE**

40.    GE alleges that the causes of action, if any, attempted to be stated in Plaintiffs' complaint are barred in whole or in part by the equitable doctrine of waiver and estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

41.    GE alleges that Plaintiffs and others were negligent or otherwise at fault in and about the matters referred to in said complaint, and that such negligence and/or other fault bars or diminishes Plaintiffs' recovery against GE.

**SIXTH AFFIRMATIVE DEFENSE**

42.    GE alleges that Plaintiffs were solely negligent in and about the matters alleged in said complaint and that such negligence on the part of Plaintiffs was the sole legal cause of the injuries and damages complained of by Plaintiffs, if any there were.

**SEVENTH AFFIRMATIVE DEFENSE**

43.    GE alleges that Plaintiffs assumed the risk of the matters referred to in said complaint, that Plaintiffs knew and appreciated the nature of the risk, and that Plaintiffs voluntarily accepted the risk.

**EIGHTH AFFIRMATIVE DEFENSE**

44.    GE is informed and believes and thereon alleges that Plaintiffs misused and abused the products referred to in said complaint, and failed to follow instructions, and that such misuse, abuse and failure to follow instructions on the part of Plaintiffs proximately caused and contributed to the injuries and damages complained of in said complaint, if any there were.

**NINTH AFFIRMATIVE DEFENSE**

45.    GE alleges that if Plaintiffs sustained injuries attributable to the use of any product manufactured, supplied, or distributed by GE, which allegations are expressly denied, the

/ / /

**SEDGWICK**
**DESERT SEDGWICK**
Detert Moran & Arnold, LLP

1    injuries were solely caused by and attributable to the unreasonable, unforeseeable, and

2    inappropriate purpose and improper use which was made of the product.

### TENTH AFFIRMATIVE DEFENSE

4        46.     GE alleges that if there was any negligence proximately causing the injuries or

5    damages sustained by Plaintiffs, if any, such negligence, if any, was solely that of defendants,

6    firms, persons, or entities other than GE.

### ELEVENTH AFFIRMATIVE DEFENSE

8        47.     GE alleges that there is no privity between Plaintiffs and GE.

### TWELFTH AFFIRMATIVE DEFENSE

10        48.     GE alleges that it gave no warranties, either express or implied, to Plaintiffs and

11    that neither Plaintiffs nor others ever notified GE of any claims of breach of warranty, if any

12    there were.

### THIRTEENTH AFFIRMATIVE DEFENSE

14        49.     GE alleges that said complaint and each cause of action therein is barred with

15    respect to GE by the provisions of the Workers Compensation Act, including but not limited to

16    Sections 3600, 3601, and 5300 of the Labor Code of the State of California.

### FOURTEENTH AFFIRMATIVE DEFENSE

18        50.     GE alleges that if there was any negligence proximately causing the injuries or

19    damages, if any, sustained by Plaintiffs, such negligence, if any, is collateral negligence, as that

20    term is used and defined in Restatement 2d Torts, Section 426 and derivative authority.

### FIFTEENTH AFFIRMATIVE DEFENSE

22        51.     GE alleges that at the time of the matters referred to in the complaint, Plaintiffs

23    were employed by employers other than GE and were entitled to and received workers'

24    compensation benefits from their employers; and that if there was any negligence proximately

25    causing the injuries and damages sustained by Plaintiffs, if any, such negligence, if any, was that

26    of Plaintiffs' employers.

27    / / /

28    / / /

**SEDGWICK**
**DETERT MORAN & ARNOLD, LLP**

SF/1409632v1

-12-

GE's ANSWER TO COMPLAINT        CASE NO. C 07-2543 EMC

**SIXTEENTH AFFIRMATIVE DEFENSE**

52.     GE alleges that Plaintiffs' claims, and each of them, and this action, are preempted by federal statutes and regulations governing work place exposure to asbestos.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

53.     GE alleges that the products referred to in said complaint, if manufactured by GE at all, were manufactured in strict compliance with reasonably precise United States government specifications, and that the hazards associated with use of the products, if any, were known equally to the federal government and GE. Boyle v. United Technologies Corp., 487 U.S. 500 (1988). Therefore, the complaint and all alleged causes of action are barred by the government contractor defense.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

54.     GE alleges that to the extent said complaint purports to state a cause of action or basis for recovery under Sindell v. Abbott Laboratories (1990) 26 Cal.3d 588, it is barred by Plaintiffs' failure to join as defendants the manufacturers of a substantial share of the asbestos products market, to which asbestos products Plaintiffs were allegedly exposed, thereby causing the damages alleged; and, should it prove impossible to identify the manufacturer of the product that allegedly injured Plaintiffs, said purported claim or cause of action is barred by the fault of Plaintiffs and their agents in making identification of the manufacturer impossible.

**NINETEENTH AFFIRMATIVE DEFENSE**

55.     GE alleges that, to the extent said complaint purports to state a cause of action or basis for recovery upon lack of identification of the manufacturer of the alleged injury-causing product, it fails to state facts sufficient to constitute a cause of action in that Plaintiffs have asserted claims for relief which, if allowed, would contravene GE's constitutional rights to substantive due process of law, as preserved by the Fourteenth Amendment to the Constitution of the United States and by Article I, Section 7 of the Constitution of the State of California.

**TWENTIETH AFFIRMATIVE DEFENSE**

56.     GE alleges that said complaint, to the extent that it seeks exemplary or punitive damages pursuant to California Civil Code Section 3294, violates GE's right to procedural due

1   process under the Fourteenth Amendment of the United States Constitution, and Article I,

2   Section 7 of the Constitution of the State of California, and therefore fails to state a cause of

3   action upon which either punitive or exemplary damages can be awarded.

4                    **TWENTY-FIRST AFFIRMATIVE DEFENSE**

5          57.    GE alleges that said complaint, to the extent that it seeks punitive or exemplary

6   damages pursuant to California Civil Code Section 3294, violates GE's right to protection from

7   "excessive fines" as provided in the Eighth Amendment of the United States Constitution and

8   Article I, Section 17 of the Constitution of the State of California, and violates GE's right to

9   substantive due process as provided in the Fifth and Fourteenth Amendments of the United States

10  Constitution and the Constitution of the State of California, and therefore fails to state a cause of

11  action supporting the punitive or exemplary damages claimed.

12                   **TWENTY-SECOND AFFIRMATIVE DEFENSE**

13         58.    GE alleges that said complaint, and each cause of action therein, fails to state facts

14  sufficient to warrant an award of punitive or exemplary damages against GE.

15                   **TWENTY-THIRD AFFIRMATIVE DEFENSE**

16         59.    GE alleges that the "peculiar risk" doctrine is not applicable to the causes of

17  action attempted to be stated and set forth against GE, because the injuries and damages

18  complained of in the complaint, if any there were, arose in the course and scope of Plaintiffs'

19  employment by an independent contractor.

20                   **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

21         60.    GE alleges that at all relevant times, Plaintiffs' employers were sophisticated

22  users of asbestos-containing products, and that said employers were aware of the dangers, if any,

23  of asbestos-containing products, and that said employers' negligence in providing the products to

24  their employees in a negligent, careless and reckless manner was a superseding intervening cause

25  of Plaintiffs' injuries, if any.

26                   **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

27         61.    GE alleges that Plaintiffs are barred from recovery in that all products produced

28  / / /

**SEDGWICK**
**SEDGWICK**
Detert Moran & Arnold, LLP

SF/1409632v1

-14-

GE's ANSWER TO COMPLAINT          CASE NO. C 07-2543 EMC

1  by GE were in conformity with the existing state-of-the-art, and as a result, these products were

2  not defective in any manner.

3  ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

4       62.    GE alleges that it had no knowledge, either actual or constructive, and by the

5  application of reasonable, developed human skills and foresight had no reason to know of the

6  propensities, if any, of any product allegedly manufactured, supplied, applied and/or sold by GE

7  to cause or contribute to the creation of medical conditions or circumstances involving alleged

8  injuries to the lungs, respiratory and cardiovascular systems, including cancer, mesothelioma, or

9  any other illness of any type whatsoever.

10  ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

11       63.    GE alleges that the causes of action, if any, attempted to be stated and set forth in

12  said complaint for negligence per se are barred by California Labor Code Section 6304.5, and

13  derivative authority.

14  ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

15       64.    GE alleges that Plaintiffs failed to exercise due diligence to mitigate their losses,

16  injuries or damages, if any, and, accordingly, the amount of damages to which Plaintiffs are

17  entitled, if any, should be reduced by the amount of damages which otherwise would have been

18  mitigated.

19  ### TWENTY-NINTH AFFIRMATIVE DEFENSE

20       65.    GE alleges that the provisions of California Civil Code Section 1431.2 are

21  applicable to the Complaint and each cause of action therein.

22  ### THIRTIETH AFFIRMATIVE DEFENSE

23       66.    GE alleges that unforeseen and unforeseeable acts and omissions by others

24  constitute a superseding, intervening cause of Plaintiffs' injuries, if any.

25  ### THIRTY-FIRST AFFIRMATIVE DEFENSE

26       67.    GE alleges that each of Plaintiffs' claims, and this entire action, are preempted by

27  all applicable federal law relating to railroads, their equipment, and/or alleged injuries and

28  / / /

1    damages arising therefrom, including but not limited to the Locomotive Boiler Inspection Act, 49

2    U.S.C. sections 20701 et seq.

3                    **THIRTY-SECOND AFFIRMATIVE DEFENSE**

4            68.    GE alleges that as a result of their injuries, Plaintiffs have received and will

5    continue to receive workers' compensation benefits from their employers or their insurance

6    carriers, or both, in an amount not yet definitely ascertained and determined; that the total

7    amount of these payments is not yet known to this defendant; that by virtue of the California

8    Labor Code sections 3850 and 3852, and related sections, the employers and their insurance

9    carriers are subrogated to the rights of the Plaintiffs for any and all monies Plaintiffs may receive

10   from this defendant up to the amount paid to Plaintiffs; that Plaintiffs' injuries arose as a direct

11   and proximate result of the negligence and carelessness of Plaintiffs' employers, and the

12   employers and their insurance carriers are not entitled to reimbursement for monies paid or to be

13   paid to Plaintiffs; and in the event of any judgment in favor of Plaintiffs and against this

14   defendant, it should be reduced by the amounts paid or to be paid to Plaintiffs by the employers

15   or their insurance carriers.

16                   **THIRTY-THIRD AFFIRMATIVE DEFENSE**

17           69.    The matters alleged in said complaint are encompassed within and barred by a

18   settlement and release agreement reached by the parties, which operates as a merger and bar

19   against any further litigation on matters raised or potentially raised in connection with the

20   settlement and release.

21                   **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

22           70.    To the extent that Plaintiffs have reached an accord with GE regarding this

23   litigation and this accord was then properly satisfied, the claims, causes of action, theories of

24   liability and matters alleged in said complaint are barred by the doctrine of accord and

25   satisfaction.

26                   **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

27           71.    GE contends that Plaintiffs have released, settled, entered into an accord and

28   / / /

**SEDGWICK**
**SEDGWICK**
Detert Moran & Arnold, LLP

SF/1409632v1

-16-

GE's ANSWER TO COMPLAINT          CASE NO. C 07-2543 EMC

1  satisfaction, or otherwise compromised their claims herein, and accordingly, said claims are

2  barred.

3  **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

4        72.     The claims asserted in said complaint have been settled, compromised or

5  otherwise discharged and GE is due a set off.

6  **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

7        73.     To the extent that Plaintiffs have previously filed a dismissal in court dismissing

8  with prejudice all of their asserted claims, causes of action , and other theories of liability against

9  GE, the matters alleged in said complaint are barred by retraxit.

10  **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

11        74.     Plaintiffs' claims herein are barred based on the primary right and res judicata

12  doctrines which prohibit splitting a single cause of action into successive suits, and seeking new

13  recovery for injuries for which the Plaintiffs were previously compensated by alleged joint

14  tortfeasors.

15  **THIRTY-NINTH AFFIRMATIVE DEFENSE**

16        75.     GE alleges that Plaintiffs do not assert any right to relief in respect of or arising

17  out of the same transaction, occurrence, or series of transactions or occurrences, and that no

18  question of law or fact common to all the Plaintiffs will arise in this action, and that therefore

19  Plaintiffs have been improperly joined in one action.

20  **FORTIETH AFFIRMATIVE DEFENSE**

21        76.     Defendant alleges that at all relevant times Plaintiffs were sophisticated users of

22  asbestos-containing products, that Plaintiffs were aware, or should have been aware, of the

23  dangers, if any, of asbestos-containing products, and that the sophisticated user doctrine is a

24  complete bar to Plaintiffs' claims against Defendant as a matter of law.  Johnson v. American

25  Standard, Inc., et al. (2005) 34 Cal.Rptr.3d 863.

26  / / /

27  / / /



28  / / /

SF/1409632v1

-17-

1

## **PRAYER**

2     WHEREFORE, GE prays that Plaintiffs take nothing by reason of their complaint as to

3 GE and that GE has judgment for its costs of suit and attorneys' fees and for such other and

4 further relief as this Court may deem just and proper.

5
6     DATED: June 15, 2007          SEDGWICK, DETERT, MORAN & ARNOLD LLP

7                                   By:_____/S/___Derek S. Johnson_____
                                         Derek S. Johnson
8                                        Attorneys for Defendant
                                         GENERAL ELECTRIC COMPANY
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**SEDGWICK**
**DE SEDGWICK**
Detert Moran & Arnold, LLP     28

SF/1409632v1

-18-

1

## JURY DEMAND

2          GE hereby demands a trial by jury of the captioned matter.

3

4    DATED: June 15, 2007          SEDGWICK, DETERT, MORAN & ARNOLD LLP

5

6                                  By:_____/S/ Derek S. Johnson_____

7                                      Derek S. Johnson
                                       Attorneys for Defendant
8                                      GENERAL ELECTRIC COMPANY

9

10   ## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

11         Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than

12   the named parties, there is no such interest to report.

13

14   DATED: June 15, 2007          SEDGWICK, DETERT, MORAN & ARNOLD LLP

15

16                                 By:_____/S/   Derek S. Johnson_____

17                                     Derek S. Johnson
                                       Attorneys for Defendant
18                                     GENERAL ELECTRIC COMPANY

19

20

21

22

23

24

25

26

27

28

**SEDGWICK**
**DE SEDGWICK**
Detert Moran & Arnold, LLP

SF/1409632v1

GE's ANSWER TO COMPLAINT          CASE NO. C 07-2543 EMC