1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  BRAYTON❖PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California 94948-6169
   (415) 898-1555
5  (415) 898-1247 (Fax No.)

6  Attorneys for Plaintiff

7
                    UNITED STATES DISTRICT COURT
8                 EASTERN DISTRICT OF PENNSYLVANIA

9
   IN RE: ASBESTOS PRODUCTS LIABILITY      )    Civil Action No.  MDL. 875
10 LITIGATION (NO. VI),                    )
                                           )
11                                         )
                                           )
12                                         )
   This document relates to Michael Halseth, )  STATEMENT OF CASE STATUS AS
13 Robert Wagenman, Larry Robinson, Donald )   TO PLAINTIFF  Donald W. Hunter
   Hunter, v. General Electric Company, Viad )
14 Corp., United States District Court for the )
   Northern District of California, Case    )
15 No.C07-2543-EMC , Filed May 14, 2007.   )
                                           )
16                                         )
                                           )
17                                         )
                                           )
18 ─────────────────────────────────────  )

19        Pursuant to Administrative Order No. 12 of May 31, 2007, the above-referenced plaintiff

20 makes the following statements:

21        1.      SUBMISSION OF IDENTIFICATION INFORMATION

22        Plaintiff (full name):  Donald W. Hunter;

23        Date of Birth:  August 20, 1929;

24        Last four digits of plaintiff's social security number:  2511;

25        Plaintiff is a:    asbestos-related injury victim.

26        2.      SUBMISSION OR RELATED COURT ACTIONS

27        Plaintiff  identifies the following related actions, the status of each of the following being

28 "pending" in the court unless otherwise indicated; with additional information on these related

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1  action(s) attached hereto and incorporated herein by this reference:

2        Donald W. Hunter v. Asbestos Defendants, San Francisco Superior Court of the State of

3  California, Case No. 457496; Claim of the Asbestos Injured Party for his personal injury.

4        3.     SUBMISSION OF STATEMENT OF CASE STATUS

5        A.     Plaintiff identifies the following defendants as non-bankrupt and unsettled the

6        above stated plaintiff has pled against:  GENERAL ELECTRIC COMPANY,

7        VIAD CORP

8        B.     Plaintiff has achieved resolution of plaintiff's claim with the following

9        defendants: Not applicable.

10        C.     Plaintiff now desires to dismiss from Plaintiff's action the following Defendants:

11        Not applicable.

12        D.     Plaintiff identifies the following defendant(s) as currently in bankruptcy: Not

13        applicable.

14        4.     SUBMISSION OF MEDICAL REPORTS

15        Plaintiff submits the attached as the medical diagnosing report / opinion: the January 15,

16  2007 report of Donald Breyer, MD and the report and records of the Veterans Administration

17  each showing asbestos-related disease.  Plaintiff also expects a pulmonary examination, followed

18  by a detailed medical report later this year.  As soon as said report becomes available, Plaintiff

19  will provide it to the Court and to counsel.  (This action was filed on May 14, 2007.)

20        5.     ALTERNATIVE PLAINTIFF SUBMISSION

21        Not Applicable.

22        6.     TIMING REQUIREMENTS

23        Above plaintiff's action was filed on May 14, 2007 making this submission due on or

24  before  August 1, 2007.

25        7.     SCREENED CASES

26        Plaintiff's claims are not the result of a mass screening.

27        8.     EXCLUSIONS

28

1    This case is not designated as 2MDL 875 (MARDOC).

2    9.    SETTLEMENT CONFERENCE / SUGGESTIONS OF REMAND

3    Plaintiff asks that a settlement conference be set in this matter and seeks remand of this

4    case back to the originating court.

5    10.    MANNER OF SUBMISSIONS

6    In accordance with FRCivP Rule 5, a copy of the foregoing submission is served upon all

7    parties in this above-identified action (Case No.C07-2543-EMC) pursuant to the local rules of

8    the United States District Court for the Northern District of California, upon filing with that

9    Court, using that Court's transmission facilities by means of the Court's CM/ECF (Case

10    Management / Electronic Case Filing) system.

11    Dated:    7 10 07                          BRAYTON❖PURCELL LLP

12

13                                          By: _____
                                               David R. Donadio
14                                             Attorneys for Plaintiff Donald W. Hunter

15

16

17

18

19

20

21

22

23

24

25

26

27

28

G:\MDL\AUGUST 1 PROJECT\run on 7 6 07 as of 1051 wpd\ 106157.003  Donald W. Hunter ]
STATEMENT OF CASE STATUS - - MDL DOCKET NO. 875

DEFENDANTS IN RELATED COURT ACTION

ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST
AMERICAN STANDARD, INC.
CLEAVER-BROOKS, INC.
BUCYRUS INTERNATIONAL, INC.
CROWN CORK & SEAL COMPANY, INC.
CERTAINTEED CORPORATION
CRANE CO.
THOMAS DEE ENGINEERING CO., INC.
FOSTER WHEELER LLC
GARLOCK SEALING TECHNOLOGIES, LLC
GENERAL REFRACTORIES
GEORGIA PACIFIC CORPORATION
OWENS-ILLINOIS, INC.
PARKER-HANNIFIN CORPORATION
PLANT INSULATION COMPANY
QUINTEC INDUSTRIES, INC.
RAPID-AMERICAN CORPORATION
R.F. MACDONALD CO.
UNION CARBIDE CORPORATION
UNIROYAL HOLDING, INC.
VIACOM, INC.
WESTERN MacARTHUR COMPANY
MacARTHUR COMPANY
WESTERN ASBESTOS COMPANY
BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC.
GENUINE PARTS COMPANY (GPC)
PEERLESS BOILER & ENGINEERING
IMO INDUSTRIES, INC.
INGERSOLL-RAND COMPANY
NIBCO INC.
RED-WHITE VALVE CORP.
ITT INDUSTRIES, INC.
BAYER CROPSCIENCE INC.
PEERLESS HEATER COMPANY
HOPEMAN BROTHERS, INC.
J.T. THORPE & SON, INC.
METROPOLITAN LIFE INSURANCE COMPANY
GATKE CORPORATION
AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.
UNDERWRITERS LABORATORIES, INC.
PNEUMO ABEX LLC
and DOES 1-8500,            AMD

POWER BOILDERS SALES INC

Defendants.          THORPE INSULATION COMPANY

Donald Hunter vs. Asbestos Defendants (B✿P)
San Francisco Superior Court

BRAYTON✦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

## DONALD BREYER, M.D., F.A.C.R.
Certified ILO B Reader

6861 Gunn Drive
Oakland, CA 94611
(510) 339-9204
Fax: (510) 338-0069

January 15, 2007

**HUNTER, DONALD**

**EXAMINATION**: A CT scan of the chest including conventional and prone high resolution images. The study is performed at MRI of Altoona on 11/16/06 and is technically adequate.

**DATE OF EXAMINATION**: November 16, 2006

In the nondependent lung fields on the prone high resolution images there are bilateral changes of thickened, irregular interlobular septa noted, and an increased profusion of ill defined centrilobular nodular opacities. Changes of parenchymal band formation are also noted.

The patient has coronary artery calcification and appears to be status post coronary artery bypass graft.

Bilateral changes of chest wall pleural plaque formation are present. These include bilateral calcified chest wall pleural plaques. Calcified chest wall pleural plaques are noted on the left anterior chest wall, and on the right posterior chest wall, and bilaterally in the paravertebral regions. Calcified left diaphragmatic pleural plaque is also noted.

The patient appears to be status post cholecystectomy. A caval filter is noted in the inferior vena cava.

**IMPRESSION**:

THE PARENCHYMAL FINDINGS PRESENT ARE COMPATIBLE WITH INTERSTITIAL FIBROSIS. THE DISTRIBUTION AND APPEARANCE ARE COMPATIBLE WITH ASBESTOS RELATED INTERSTITIAL FIBROSIS.

BILATERAL CHANGES OF CALCIFIED CHEST WALL PLEURAL PLAQUE AND CALCIFIED RIGHT DIAPHRAGMATIC PLEURAL PLAQUE. THESE FINDINGS MOST LIKELY REPRESENT ASBESTOS RELATED PLEURAL DISEASE.

RE: HUNTER, DONALD
Page 2 of 2
January 15, 2007

STATUS POST CORONARY ARTERY BYPASS GRAFT.

ARTERIOSCLEROSIS.

STATUS POST CHOLECYSTECTOMY.

CAVAL FILTER.

DAB:gmp:
D: 1/15/07 T:  1/15/07  # 790378





**DEPARTMENT OF VETERANS AFFAIRS**
**Cleveland VA Regional Office**
**Cleveland Resource Center**
**1249 E 9th Street**
**Cleveland, Ohio 44199**

**Donald W. Hunter**

**VA File Number**
**23 221 159**

**Represented by:**
**AMVETS**

**Rating Decision**
**March 26, 2007**

## INTRODUCTION

The records reflect that you are a veteran of the Korean Conflict Era, Vietnam Era and Peacetime. You served in the Navy from April 16, 1947 to November 25, 1966. You filed a new claim for benefits that was received on July 24, 2006. Based on a review of the evidence listed below, we have made the following decision on your claim.

## DECISION

1 . Service connection for bilateral hearing loss is granted with an evaluation of 0 percent effective August 30, 2004.

2 . Service connection for tinnitus is granted with an evaluation of 10 percent effective August 20, 2004.

Donald W. Hunter
23 221 159
Page 2

3 . Service connection for asbestos related pleural disease is granted with an evaluation of
0 percent effective July 17, 2006.

## EVIDENCE

- Your claim was received August 30, 2004, for service connection for hearing loss and
  tinnitus
- Duty to Assist development letter dated December 15, 2004, was sent to you
- Statement from you dated December 21, 2004
- VA audio examination dated February 28, 2005, from the Altoona VA Medical
  Center
- Rating decision dated March 24, 2005
- You were notified of the decision on March 25, 2005
- Notice of Disagreement was received April 6, 2005
- Letter dated April 19, 2005, to you regarding option to have a Decision Review
  Officer review your new Notice of Disagreement
- Letter from you dated April 6, 2005
- Letter dated April 14, 2005, from Congressman John P. Murtha
- Letter to Congressman John P. Murtha dated April 25, 2005
- Your claim was received April 19, 2005, for service connection for a heart condition
- Operative Report dated January 12, 2005, from the National Naval Medical Center,
  and treatment reported for the period of October 16, 2004, to February 7, 2005
- Statement from you received May 5, 2005, requested a hearing
- Statement of the Case dated July 6, 2005, regarding the issue of service connection
  for hearing loss
- Letter from Congressman John P. Murtha regarding your personal hearing
- Letter to Congressman John P. Murtha dated July 8, 2005
- Letter to you dated July 14, 2005, regarding your Board of Veterans Appeals Travel
  Board Hearing
- Your formal appeal, VA Form 1-9, was received July 13, 2005, regarding your claims
  for hearing loss and tinnitus
- Discharge summary dated September 14, 1964 from the Naval Hospital in Great
  Lakes for the period of August 23, 1966, to September 28, 1966.
- Letter dated January 7, 2001, and July 11, 2005, from you
- Letter to you dated November 1, 2005
- Letter dated July 19, 2005, from you regarding your heart surgeries
- Letter dated October 3, 2005, from you spouse
- Letter dated October 20, 2005, from Congressman John P. Murtha
- Letter to Congressman John P. Murtha dated November 3, 2005, regarding your
  claims

Donald W. Hunter
23 221 159
Page 3

- Statement of the Case dated March 27, 2006, regarding your claim for service connection for tinnitus
- Statement from you dated March 29, 2006
- Your formal appeal, VA Form 1-9, was received March 31, 2006, regarding your appeals
- Statement from Representative in Appeals Case dated May 26, 2006
- Discharge summary dated October 29, 1976, from the Altoona VA Medical Center for the period of October 2, 1976, to October 29, 1976.
- Letter dated July 18, 2006, from you requesting a copy of your claim files
- Copy of your claim files was sent to you September 18, 2006
- CT scan of your thorax dated June 22, 2006, from the Altoona VA Medical Center
- CT Scan of your abdomen dated June 22, 2006, from the Altoona VA Medical Center
- Your claim was received July 17, 2006, regarding your respiratory condition and heart condition
- CT Scan of your chest dated March 6, 2006, from the Altoona VA Medical Center
- Your claim was received July 24, 2006, was a clarification of your respiratory condition claim
- Letter dated July 19, 2005, from you
- Letter dated October 3, 2005, from your spouse
- Letter dated October 20, 2005, from Congressman John P. Murtha (duplicate letter)
- 
- Statement from you dated September 1, 2006, with a list of ships you served on
- Duty to Assist development letter dated September 22, 2006, was sent to you
- Statement from you dated September 28, 2006, with some names and addresses of men you served with
- Statement from you dated September 28, 2006, noted you had no additional evidence to submit
- Letter dated September 29, 2006, from you
- Letter was received from you September 29, 2006, with a lifting of your job while in the Navy
- Pulmonary function test dated August 23, 2006, from the Altoona VA Medical Center
- Doctor's reports dated January 1, 1981, and November 5, 1982, from Robert R. Wertz, M.D.
- Letter dated November 3, 2006, from you
- Letter dated August 28, 2006, from you
- VA respiratory examination dated January 2, 2007, from the Altoona VA Medical Center
- Treatment reports from the Altoona VA Medical Center for the period of May 27, 2004, to February 17, 2007
- Service Medical Records for the period April 16, 1947, to November 25, 1966
- Longitudinal review of your files was completed March 26, 2007



Donald W. Hunter
23 221 159
Page 4

## REASONS FOR DECISION

### 1. Service connection for bilateral hearing loss.

Your claim was received August 30, 2004, for service connection for hearing loss and
tinnitus by the VA Regional Office. A Duty to Assist development letter dated
December 15, 2004, was sent to you.

The treatment reports from the Altoona VA Medical Center for the period of May 27,
2004, to February 17, 2004, were reviewed. These records noted your bilateral hearing
loss and the noise exposure you had while you were on active duty. Based on these
records, the longitudinal review was completed of the issue of service connection for
your bilateral hearing loss and tinnitus. The review does show you worked in the engine
room of ships as noted in the evidence. The review as the evidence listed suggests does
show you were exposed to loud noise while you were on active duty.

Your VA audio examination dated February 28, 2004, from the Altoona VA Medical
Center was reviewed again. The examiner noted that your claim files were provided and
reviewed at the time of the evaluation. Within your claim files was found several
physicals, examinations dated June 1948 through November of 1966. All physicals
recorded a whispered voice test for hearing and scored 15/15 for both ears. One instance
was noted on May 1, 1953, in which along with tonsillitis, you complained of earaches
that were treated.

Your chief complaint is hearing loss and ringing in the ears. You reported difficulty in
all listening situations, especially with your family. You wore VA issued hearing aides in
order to cope in your everyday living situations with your hearing loss. You reported
severe hearing difficulty in noise.

You reported serving in the Navy for over 20 years. You reported serving in the fire
room around diesel engines. You reported there were four 1600 horse-powered diesel
engines in a room which made the noise unbearable. You also reported running a
jackhammer inside a small enclosed area and also having to go in and out a sound treated
room to take readings off of force blowers, which were extremely high intensity noise.
You denied any occupation or recreational noise exposure outside of the military.

You reported tinnitus in both ears sometimes sounds as a ringing and other times as a
buzz. You reported this in both ears and it approximately started around the 1950s, after
exposure to loud noise on ship. You denied any accident or injury to your ears and felt
that the tinnitus was a result of noise exposures in the Navy.

The examination revealed clear ear canals and intact tympanic membranes bilaterally.
Your speech recognition score on the Maryland CNC Word list was 88% right ear, 86%

Donald W. Hunter
23 221 159
Page 5

left ear. Tinnitus pitch matched at approximately 3000 Hz. The reported middle ear
status was within norms.

The summary of the audiological test results revealed a right normal sloping to profound
and a left normal sloping to severe sensorineural type hearing loss with bilateral high
frequency subjective tinnitus. No medical follow up was deemed necessary at this time
based on the audiological test results.

The examiner noted that normal findings on the whispered voice test could not be
considered as evidence of normal hearing since those tests were insensitive to a high
frequency hearing loss as possessed by you. Therefore, it was at least as likely as not that
your hearing loss could be the result of acoustic traumas or high level noise exposures
suffered by you during your military service.

It is the defined and consistently applied policy of the Department of Veterans Affairs to
administer the law under a broad interpretation, consistent, however, with the facts shown
in every case. When after careful consideration of all procurable and assembled data, a
reasonable doubt arises regarding the degree of disability such doubt will be resolved in
favor of the claimant. Further, where there is a question as to which of two evaluations
shall be applied, the higher evaluation will be assigned if the disability picture more
nearly approximates the criteria required for that rating. Otherwise, the lower rating will
be assigned.

Given the additional evidence received and your 2005 audio examination, reasonable
doubt in now being resolved in your favor and your claims for service connection for
bilateral hearing loss and tinnitus is now being granted. The configuration of your
hearing loss as noted in the VA examination is consistent with noise exposure while you
were on active duty.

Examination findings show the left ear with 86 percent speech discrimination. Decibel
(dB) loss at the puretone threshold of 1000 Hertz (Hz) is 20, with a 65 dB loss at 2000
Hz, a 80 dB loss at 3000 Hz, and a 85 dB loss at 4000 Hz. The average decibel loss is 63
in the left ear. From Table VI of 38 CFR 4.85, Roman Numeral III is derived for the left
ear. This is determined by intersecting the percent of speech discrimination row with the
puretone threshold average column. The right ear shows the percent of speech
discrimination is 88. Decibel loss (dB) at 1000 Hertz is 30 dB, with a 65 dB loss at 2000,
a 80 dB loss at 3000, and a 95 dB loss at 4000. The average decibel loss for the right ear
is 68. From Table VI of 38 CFR 4.85, Roman Numeral III is determined for the right ear.
This is determined by intersecting the percent of speech discrimination row with the
puretone threshold average column. Either ear can be used as the poorer ear for 38 CFR
4.85's Table VII as they both equate to the same Roman Numeral. A 0 percent evaluation
is derived from Table VII of 38 CFR 4.85 by intersecting row III, the better ear, with
column III, the poorer ear.

Donald W. Hunter
23 221 159
Page 6

An evaluation of 0 percent is assigned from August 30, 2004, which is the date you first
filed this claim. The evaluation for hearing loss is based on objective testing. Higher
evaluations are assigned for more severe hearing impairment.

There has been no finding in your case that presented such an exceptional or unusual
disability picture with such related factors as marked interference with employment or
frequent periods of hospitalization as to render impractical the application of the regular
schedular standards.

This rating decision represents a total grant of benefits sought on appeal for this issue.
As such, this issue is considered resolved in full.

### 2. Service connection for tinnitus.

All the facts and reasons for this decision are discussed under the issue of service
connection for bilateral hearing loss, including the effective date.

Service connection for tinnitus has been established as directly related to military service.
An evaluation of 10 percent is assigned from August 20, 2004. An evaluation of 10
percent is granted for recurrent tinnitus. This is the highest schedular evaluation for this
disability.

There has been no finding in your case that presented such an exceptional or unusual
disability picture with such related factors as marked interference with employment or
frequent periods of hospitalization as to render impractical the application of the regular
schedular standards.

This rating decision represents a total grant of benefits sought on appeal for this issue.
As such, this issue is considered resolved in full.

### 3. Service connection for asbestos related pleural disease.

Your claim was received July 17, 2006, regarding your respiratory condition and heart
condition. Your letter that was received July 24, 2006, was a clarification of your
respiratory condition claim. A Duty to Assist development letter dated September 22,
2006, was sent to you.

The treatment reports from the Altoona VA Medical Center for the period of May 27,
2004, to February 17, 2007, noted you had asbestos related pleural disease and did note a
diagnosis of asbestosis in your problem list. You complained of shortness of breath on
exertion. You were not on any medications for your lung disease.

Donald W. Hunter
23 221 159
Page 7

The review of your Service Medical Records does show you were in a MOS that likely exposed you to asbestos while you worked in the boiler room in the Navy for 20 years. Exposure to asbestos is conceded.

Your VA respiratory examination dated January 2, 2007, from the Altoona VA Medical Center was reviewed. The examiner noted that all your medical records included in your claim files were reviewed. You reported that you were on board ship as a boiler technician while you were in the service. You stated that in the late 1990s and early 2000s you began experiencing shortness of breath with exertion. You stated that this shortness of breath was especially pronounced when climbing stairs, walking up a grade, or shoveling snow. You stated you occasionally had a cough which brought up phlegm. You denied any hemoptysis. You stated that you never been hospitalized for any lung problems. You denied any anorexia. You stated that on exertion the dyspnea was to the extent that when you stopped exerting yourself you quickly returned to normal. This does not interfere significantly with your daily activities. You have not worked since 1985 at which time you were a handyman. You were retired. You denied any hospitalization for lung problems. You have not taken any lung medications. You denied use of any inhalers. You denied any periods of incapacitation due to shortness of breath.

On examination, you were noted to be a well-developed, well-nourished male in no distress. Your height was 68-1/2 inches, weight 191 pounds, temperature 97.5, heart rate 60, respiratory rate 18, and blood pressure 148/73, 140/70, and 140/73.

Your lungs were clear to auscultation. There were no abnormal lung sounds. There was no evidence of pulmonary hypertension or left ventricular hypertrophy. There was no evidence of cor pulmonale. Your peripheral pulses were normal.

A pulmonary function test which was done in September of 2006 which revealed normal pulmonary function. Chest x-ray done in September of 2002 which revealed chronic pulmonary emphysema. A thoracic CAT scan done in September of 2006 which revealed emphysema at the lung and apices with calcified pleural plaques bilaterally related with asbestos related pleural disease. There was no evidence of pleural effusion. Pulmonary function test done in September 2006 revealed spirometry to be within normal limits and diffusion capacity was also within normal limits.

The diagnosis was for asbestos-related pleural disease with CAT scan consistent with asbestosis of the lungs. You did not take any medications for this. You had shortness of breath with exertion but this did not interfere significantly with your daily activities.

Service connection for asbestos related pleural disease has been established as directly related to military service. The pulmonary function test dated August 23, 2006, noted your FEV to be 85.6 percent of predicted and your DLCO was noted to be 82.4 percent of predicted.

Donald W. Hunter
23 221 159
Page 8

A noncompensable evaluation is assigned from July 17, 2006, which is the day we received this claim. A noncompensable evaluation is assigned unless examination findings show forced vital capacity of 75 to 80 percent of predicted value; or diffusion capacity of the lung for carbon monoxide by the single breath method of 66 to 80 percent predicted.

There has been no finding in your case that presented such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization as to render impractical the application of the regular schedular standards.

## REFERENCES:

Title 38 of the Code of Federal Regulations, Pensions, Bonuses and Veterans' Relief contains the regulations of the Department of Veterans Affairs which govern entitlement to all veteran benefits. For additional information regarding applicable laws and regulations, please consult your local library, or visit us at our web site, www.va.gov.

| **Rating Decision** | *Department of Veterans Affairs*<br>*Cleveland VA Regional Office* | · Page 1<br>03/26/2007 |
| --- | --- | --- |
| **NAME OF VETERAN**<br>Donald W. Hunter | **VA FILE NUMBER**<br>23 221 159 | **SOCIAL SECURITY NR**<br>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 |

| NAME OF VETERAN | VA FILE NUMBER | SOCIAL SECURITY NR | POA | COPY TO |
| --- | --- | --- | --- | --- |
| Donald W. Hunter | 23 221 159 | 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 | AMVETS | |

| ACTIVE DUTY | | | |
| --- | --- | --- | --- |
| **EOD** | **RAD** | **BRANCH** | **CHARACTER OF DISCHARGE** |
| 04/16/1947 | 11/25/1966 | Navy | Honorable |

| LEGACY CODES | | | |
| --- | --- | --- | --- |
| **ADD'L SVC CODE** | **COMBAT CODE** | **SPECIAL PROV CDE** | **FUTURE EXAM DATE** |
| | 1 | | None |

**JURISDICTION:** New Claim Received 07/24/2006

**ASSOCIATED CLAIM(s):** 020; Claim for Increase; 10/24/05

**SUBJECT TO COMPENSATION (1. SC)**

   7308          PARTIAL GASTRECTOMY WITH VAGOTOMY FOR DUODENAL
                 ULCER; HIATAL HERNIA
                 Service Connected, Korean Conflict, Incurred
                 40% from 10/01/1978

   6260          TINNITUS
                 Service Connected, Vietnam Era, Incurred
                 10% from 08/20/2004

   6100          BILATERAL HEARING LOSS
                 Service Connected, Vietnam Era, Incurred
                 0% from 08/30/2004

   6899-6833     ASBESTOS RELATED PLEURAL DISEASE [Asbestos]
                 Service Connected, Vietnam Era, Incurred
                 0% from 07/17/2006

   *COMBINED EVALUATION FOR COMPENSATION :*

   40% from 10/01/1978
   50% from 08/20/2004

**NOT SERVICE CONNECTED/NOT SUBJECT TO COMPENSATION (8.NSC Korean Conflict,
   Peacetime, Vietnam Era)**

   7110          ABDOMINAL AORTIC ANEURYSM
                 Not Service Connected, Not Incurred/Caused by Service

| Rating Decision | Department of Veterans Affairs Cleveland VA Regional Office | | | Page 2 03/26/2007 |
| --- | --- | --- | --- | --- |
| NAME OF VETERAN Donald W. Hunter | VA FILE NUMBER 23 221 159 | SOCIAL SECURITY NR 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 | POA AMVETS | COPY TO |

6603       CHRONIC OBSTRUCTIVE LUNG DISEASE (PULMONARY EMPHYSEMA)
Not Service Connected, Not Incurred/Caused by Service

_____
Richard R. VanWinkle, Rating Veterans Service
Representative

_____
Jeanne Vaillancourt, Program Manager, Tiger T

000019

PATIENT: HUNTER, DONALD W  SS# 174242511

** PERMANENT ADDRESS **
ADDRESS: 126 TAYLOR LANE
         APT B14

   CITY: SALIX
  STATE: PENNSYLVANIA
    ZIP: 15952
 COUNTY: CAMBRIA     021
  PHONE: (814)487-4740
OFFICE PHONE: NONE

** TEMPORARY ADDRESS **
TEMP ADDRESS ACTIVE? NO
START DATE:
 STOP DATE:
ADDRESS: 11533 RENEE AVENUE

   CITY: YUMA
  STATE: ARIZONA
    ZIP: 85367
 COUNTY:
  PHONE: 928-345-2417

000020

A  Pleurisy without mention ( )effusion or current tubercu( )is (ICD-9-CM 511.0)  PANDIT,RASHMIKANT S
A  Asbestosis  CASH,MICHAEL S DO
A  ASHD/CAD/ASCVD  CASH,MICHAEL S DO
A  HYPERLIPIDEMIA NEC/NOS  CASH,MICHAEL S DO
A  Other specified idiopathic peripheral neuropathy  CASH,MICHAEL S DO
A  Aneurysm, Aorta, Abdominal  CASH,MICHAEL S DO
A  Gastroesophageal Reflux Disorder (ICD-9-CM 530.81)  THOMPSON,JANIS CRNP

CLIN DOC: Problem List (Active)                                                                    Page: 1
HUNTER,DONALD W  SSN#174242511                                Printed on: Mar 26, 2007 10:45:21 am
System: ALTOONA.VA.GOV                                                                    Division: 503

000021

Pg. 1                                                          03/26/07 10:45
                              PULMONARY FUNCTION TEST
HUNTER,DONALD W      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                    DOB: AUG 20,1929  (77) NOT
INPATIENT
--------------------------------------------------------------------------------
   LOCAL TITLE: RESPIRATORY CONSULT
STANDARD TITLE: RESPIRATORY THERAPY CONSULT
DATE OF NOTE: AUG 23, 2006@10:06    ENTRY DATE: AUG 23, 2006@10:06:19
     AUTHOR: BENSON,AMY B RRT     EXP COSIGNER:
     URGENCY:                           STATUS: COMPLETED

Pulmonary Function Test completed AUG 23, 2006 10:06 as ordered.  Results can
be
found under
the report tab after review by pulmonologist.


Clinical Note
   Tobacco Product Use Counselling:
       Patient has quit using tobacco products for more than 13 months.
          Year 1977

/es/ AMY B. BENSON RRT
RESPIRATORY THERAPIST
Signed: 08/23/2006 10:06

CLIN DOC: Procedure                                              Page: 1
HUNTER,DONALD W  SSN#174242511              Printed on: Mar 26, 2007 10:45:43 am
System: ALTOONA.VA.GOV                                          Division: 503

000022

```
** CONSULTS ****************************************************************
```

--------------------------------------------------------------------------------
Current PC Provider:   SKERL,ANTON O
Current PC Team:       JOHNSTOWN TEAM
Current Pat. Status:   Outpatient
Primary Eligibility:        SC LESS THAN 50%

Order Information
To Service:            PULMONARY FUNCTION TEST 104
From Service:          PULMONARY - PANDIT PM ALTOONA
Requesting Provider:   PANDIT,RASHMIKANT S MD
Service is to be rendered on an OUTPATIENT basis
Place:                 Consultant's choice
Urgency:               Routine
Orderable Item:        PULMONARY FUNCTION TEST
Procedure:             PULMONARY FUNCTION TEST
Provisional Diagnosis: pleural plaques.
Reason For Request:
pleural plaques.
Please schedule on 8/16/07

Inter-facility Information
This is not an inter-facility consult request.

Status:                SCHEDULED
Last Action:           SCHEDULED

Facility
 Activity                  Date/Time/Zone      Responsible Person   Entered By
--------------------------------------------------------------------------------
 CPRS RELEASED ORDER       02/12/07 14:32      PANDIT,RASHMIKANT
PANDIT,RASHMIKANT
 PRINTED TO P144B          02/12/07 14:32

 SCHEDULED                 02/12/07 14:34      PANDIT,RASHMIKANT    BENSON,AMY B
RRT
PULM FUNC TEST (ALTOONA) Consult Appt. on 08/16/07 @ 09:00
pft


Note: TIME ZONE is local if not indicated

No local TIU results or Medicine results available for this consult
================================= END ===================================


--------------------------------------------------------------------------------
Current PC Provider:   SKERL,ANTON O
Current PC Team:       JOHNSTOWN TEAM
Current Pat. Status:   Outpatient
Primary Eligibility:        SC LESS THAN 50%

Order Information

--------------------------------------------------------------------------------
**CLIN DOC: Multi-Document**                                          **Page: 1**
HUNTER,DONALD W  SSN#174242511                    Printed on: Mar 26, 2007 10:46:12 am
System: ALTOONA.VA.GOV                                              Division: 503

```
To Service:            PULMO  AY FUNCTION TEST 104
From Service:          ZZPULMONARY (PANDIT) 3RD FLOOR
Requesting Provider:   PANDIT, RASHMIKANT S MD
Service is to be rendered on an OUTPATIENT basis
Place:                 Consultant's choice
Urgency:               Routine
Orderable Item:        PULMONARY FUNCTION TEST
Procedure:             PULMONARY FUNCTION TEST
Provisional Diagnosis: cad ·
Reason For Request:
plueral plaques

Inter-facility Information
This is not an inter-facility consult request.

Status:                COMPLETE
Last Action:           COMPLETE/UPDATE

Facility
 Activity              Date/Time/Zone       Responsible Person  Entered By
-------------------------------------------------------------------------------
 CPRS RELEASED ORDER   08/09/06 09:48       PANDIT, RASHMIKANT
ROBERTSON, TRISTA
 PRINTED TO P144B      08/09/06 09:48

 RECEIVED              08/09/06 10:08       BENSON, AMY B RRT   BENSON, AMY B
RRT
 COMPLETE/UPDATE       08/23/06 10:06       BENSON, AMY B RRT   BENSON, AMY B
RRT
    Note# 3593697

Note: TIME ZONE is local if not indicated
-------------------------------------------------------------------------------

   LOCAL TITLE: RESPIRATORY CONSULT
STANDARD TITLE: RESPIRATORY THERAPY CONSULT
DATE OF NOTE: AUG 23, 2006@10:06    ENTRY DATE: AUG 23, 2006@10:06:19
    AUTHOR: BENSON, AMY B RRT    EXP COSIGNER:
    URGENCY:                     STATUS: COMPLETED
```

Pulmonary Function Test completed AUG 23, 2006 10:06 as ordered.  Results can
be
found under
the report tab after review by pulmonologist.


Clinical Note
  Tobacco Product Use Counselling:
      Patient has quit using tobacco products for more than 13 months.
        Year 1977

/es/ AMY B. BENSON RRT
RESPIRATORY THERAPIST
Signed: 08/23/2006 10:06

000024

```
===================================( )=================================( )==================
================================================ END ==================================================
```

--------------------------------------------------------------------------------
Current PC Provider:   SKERL,ANTON O
Current PC Team:       JOHNSTOWN TEAM
Current Pat. Status:   Outpatient
Primary Eligibility:         SC LESS THAN 50%

Order Information
To Service:            PULMONARY-SP CL 312
From Service:          JOHNSTOWN (SKERL)
Requesting Provider:   CASH,MICHAEL S DO
Service is to be rendered on an OUTPATIENT basis
Place:                 Consultant's choice
Urgency:               Routine
Orderable Item:        PULMONARY-SP CL 312
Consult:               Consult Request
Reason For Request:
This Consult request is NOT related to a SC Condition.
PRIMARY ELIGIBILTY CODE - SC LESS THAN 50%
POSTOPERATIVE STOMACH INJURY  40%  SC
PERIOD OF SERVICE - VIETNAM ERA
COMBAT SERVICE - N

Reason for Request:
pt found to have asbestos related pleural disease on recent ct of chest.

Inter-facility Information
This is not an inter-facility consult request.

Status:                COMPLETE
Last Action:           COMPLETE/UPDATE

Facility
 Activity              Date/Time/Zone    Responsible Person  Entered By
--------------------------------------------------------------------------------
 CPRS RELEASED ORDER   07/07/06 14:12    CASH,MICHAEL S DO   CASH,MICHAEL S
DO
 PRINTED TO P312B      07/07/06 14:12

 SCHEDULED             07/18/06 13:42    ORSBORNE,NICHOLLE
ORSBORNE,NICHOLLE
08/09/06.  appt letter sent.

 COMPLETE/UPDATE       08/10/06 08:19    DEANGELIS,CHARLEN
DEANGELIS,CHARLEN
     Note# 3568021

Note: TIME ZONE is local if not indicated

--------------------------------------------------------------------------------

   LOCAL TITLE: SCANNED TO IMAGING

000025

```
STANDARD TITLE: SCANNED NOTE
DATE OF NOTE: AUG 10, 2006@08:19      ENTRY DATE: AUG 10, 2006@08:19:15
    AUTHOR: DEANGELIS,CHARLENE    EXP COSIGNER:
    URGENCY:                         STATUS: COMPLETED

See 8/9/06 scanned document in Vista Imaging Display.

/es/ CHARLENE J. DEANGELIS
File Clerk
Signed: 08/10/2006 08:19

Receipt Acknowledged By:
08/10/2006 08:23      /es/ MICHAEL S CASH DO
                           DO
=================================================================================
==================================== END ========================================
```

CLIN DOC: Multi-Document                                            Page: 4
HUNTER,DONALD W  SSN#174242511              Printed on: Mar 26, 2007 10:46:12 am
System: ALTOONA.VA.GOV                                         Division: 503

000026

1

<u>CERTIFICATE OF SERVICE</u>

2

     I am employed in the County of Marin, State of California.  I am over the age of 18 years and am not a party to the within action.  My business address is 222 Rush Landing Road, P.O. Box 6169, Novato, California, 94948-6169.

3

4

     On the date indicated below, I served the foregoing Statement of Case Status and attachments upon all counsel of record pursuant to the local rules of the United States District Court for the Northern District of California, upon filing with that Court, using that Court's transmission facilities by means of the Court's CM/ECF (Case Management / Electronic Case Filing) system.

5

6

     On this _____ 19TH day of July 2007

7

8

/s/ John Derby
_____
John Derby

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BRAYTON◆PURCELL, LLP**
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 8986-1555

1